IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MARY A. AUSTIN,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )    Case No. CIV-10-409-KEW
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

**OPINION AND ORDER**

Plaintiff Mary A. Austin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 11, 1965 and was 44 years old at the time of the ALJ's decision. Claimant completed her education through the seventh grade. Claimant has worked in the past as a waitress, cashier, and receptionist. Claimant alleges an inability to work beginning October 31, 2007 due to limitations resulting from bipolar disorder, hepatitis C, and post traumatic stress disorder ("PTSD").

## Procedural History

On September 18, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 23, 2010, an administrative hearing was held before ALJ Richard J. Kallsnick in Tulsa, Oklahoma. On March 15, 2010, the ALJ issued an unfavorable decision on Claimant's applications. On September 10, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a motel housekeeper, fast food worker, and car hop.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly consider the effects of Claimant's impairments on her

4

ability to work or to properly evaluate Claimant's past relevant work; (2) failing to properly consider the medical source evidence and resolve inconsistencies in the record; and (3) failing to perform a proper credibility analysis.

### Claimant's Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairment of bipolar disorder. (Tr. 15). He found Claimant retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitations that Claimant could perform simple tasks with routine supervision, could relate to supervisors and co-workers on a superficial basis and could have limited contact with the general public. Additionally, Claimant was able to adapt to work situations and remain and carry out work assignments. (Tr. 17). Ultimately, after consultation with a vocational expert, the ALJ determined Claimant could perform her past relevant work as a motel housekeeper, fast food worker, and car hop. (Tr. 21).

Claimant first contends the ALJ failed to consider the combined effects of all of her impairments - namely, that no limitation was provided for her back, leg, and general pain in the RFC and hypothetical questioning of the vocational expert. This Court has reviewed all citations to the record to which Claimant refers in the

briefing which ostensibly indicates this limitation.  All of the references are to Claimant's own statements without any support in the medical record for a condition which might cause this pain. "[I]t is the claimant's burden to demonstrate an impairment, or a combination of impairments, that significantly limit her ability to do basic work activities." Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); 20 C.F.R. § 404.1521.  Claimant has wholly failed to demonstrate back, leg, and general pain, alone or in combination with other conditions, constitutes an impairment.

Claimant next contends the ALJ failed to consider her high blood pressure as a severe problem.  The record indicates Claimant suffers from hypertension which has fluctuated over time. (Tr. 264, 371, 374).  No medical record, however, indicates the condition has resulted in a severe impairment or causes a functional limitation, either singly or in combination with Claimant's other conditions. The mere presence of the condition of high blood pressure does not establish a severe impairment. Cowen v. Astrue, 552 F.3d 1182, 1186 (10th Cir. 2008)(citation omitted).

Claimant next asserts the ALJ failed to perform a proper analysis at step four of the sequential evaluation by examining the mental and physical demands of her past relevant work.  In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996).  The ALJ accomplished

6

this requirement.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. <u>Id</u>. In making this determination, the ALJ may rely upon the testimony of the vocational expert. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the demands of Claimant's past relevant work. (Tr. 45-48). The expert testified as to the work requirements of each of Claimant's past relevant jobs. <u>Id</u>. In this regard, the ALJ fulfilled his duty in the second phase.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. <u>Winfrey</u>, 92 F.3d at 1023. The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted Claimant's past relevant work. Consequently, the ALJ fulfilled his obligation in the third phase. This Court finds no fault in the ALJ's step four analysis.

### Evaluation of Medical Opinion Evidence

Claimant contends the ALJ gave the opinion of the consultative examiner, Dr. Beth Jeffries "great weight" when her opinions supported his conclusions but ignored the portions of her opinions

7

which conflicted with his ultimate findings. Specifically,
Claimant contends the ALJ failed to consider Dr. Jeffries'
statement that Claimant's "thinking pattern might be judged on by
other people and might make it difficult to perform in an
occupational setting." (Tr. 313). The ALJ did recognized Dr.
Jeffries' observation that "claimant's symptoms of PTSD and bipolar
disorder may post (sic) some impediment to her ability to function
in a social, academic or occupational setting." (Tr. 19). The
omitted statement appears to be merely a more specific statement of
the latter statement. This Court perceives no new restriction to
Claimant' ability to work arising from the omitted statement or
that would require a modification of Claimant's RFC. The ALJ
appears to have considered and included this limitation. No error
arises from the failure to include the omitted statement.

Claimant also asserts the ALJ should have considered the GAF
scores assessed by Claimant's treating physician, Dr. Jarman. Dr.
Jarman found Claimant had a GAF of 45 at some point between August
11, 2005 and March 8, 2007. (Tr. 257). On March 24, 2008,
Claimant was assessed with a GAF of 55. (Tr. 280).

Although Claimant initially couches her argument in terms of
a failure to consider a treating physician's opinion, her argument
is limited to consideration of the GAF. A low GAF is not

conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. Given that the ALJ discussed the evidence surrounding Claimant's mental functioning, the failure to reference Claimant's GAF scores does not represent reversible error.

## Credibility Analysis

Claimant asserts the ALJ did not perform a proper credibility analysis. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility

determinations are peculiarly in the province of the finder of fact"
and, as such, will not be disturbed when supported by substantial
evidence.  Id.  Factors to be considered in assessing a claimant's
credibility include (1) the individual's daily activities; (2) the
location, duration, frequency, and intensity of the individual's
pain or other symptoms; (3) factors that precipitate and aggravate
the symptoms; (4) the type, dosage, effectiveness, and side effects
of any medication the individual takes or has taken to alleviate
pain or other symptoms; (5) treatment, other than medication, the
individual receives or has received for relief of pain or other
symptoms; (6) any measures other than treatment the individual uses
or has used to relieve pain or other symptoms (e.g., lying flat on
his or her back, standing for 15 to 20 minutes every hour, or
sleeping on a board); and (7) any other factors concerning the
individual's functional limitations and restrictions due to pain or
other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In his decision, the ALJ sufficiently linked the medical
evidence to the findings on credibility.  In particular, the ALJ
identified significant contradictions between the medical findings
and Claimant's assertions of impairment.  "[A] formalistic factor-
by-factor recitation of the evidence" is not required to support the
necessary analysis.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir.
2000).  The ALJ's discussion and the references to the objective

10

record contained in it, considered in toto, is sufficient to support the credibility findings of the ALJ.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 28th day of March, 2012.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE